**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| DAVID J. BATHRAS, SR., *et al.*,<br>*Plaintiffs*, | *<br>* | |
| v. | * | No. 1:26-cv-02074-JRR |
| WES MOORE, ET AL.,<br>*Defendants*. | *<br>* | |

* * * * * * * * * * * *

## ANSWER TO COMPLAINT

Defendants Governor Westley Moore, Attorney General Anthony G. Brown, and Superintendent Michael A. Jackson, sued in their official capacities, through counsel, hereby answer the complaint filed against them by plaintiffs as follows:

1. The United States Constitution and the decision of the United States Supreme Court described in paragraph 1 of the complaint speak for themselves. To the extent the allegations in paragraph 1 of the complaint differ from the United States Constitution and the decision of the United States Supreme Court described therein, the allegations are denied.

2. Defendants admit that the Maryland legislature enacted Senate Bill 334, and that law speaks for itself. To the extent the remaining allegations in paragraph 2 of the complaint differ from Senate Bill 334, the allegations are denied.

3. Senate Bill 334 speaks for itself. To the extent the allegations in paragraph 3 of the complaint differ from Senate Bill 334, the allegations are denied. The remaining

allegations contained in paragraph 3 of the complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

4. Defendants deny the first and second sentence of paragraph 4 of the complaint. Defendants are without knowledge or information to admit or deny the allegations contained in the third sentence of paragraph 4 of the complaint, and therefore the allegations are denied. The remaining allegations contained in paragraph 4 of the complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

5. The allegations contained in paragraph 5 of the complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

6. Paragraph 6 of the complaint does not contain factual assertions but rather a request for relief. To the extent a response is required, paragraph 6 is denied.

7. Defendants are without knowledge or information to admit or deny the allegations contained in paragraph 7 of the complaint, and therefore the allegations are denied.

8. Defendants are without knowledge or information to admit or deny the allegations contained in paragraph 8 of the complaint, and therefore the allegations are denied.

9. Defendants are without knowledge or information to admit or deny the allegations contained in paragraph 9 of the complaint, and therefore the allegations are denied.

10. Defendants are without knowledge or information to admit or deny the allegations contained in paragraph 10 of the complaint, and therefore the allegations are denied.

11. Defendants are without knowledge or information to admit or deny the allegations contained in paragraph 11 of the complaint, and therefore the allegations are denied.

12. Defendants are without knowledge or information to admit or deny the allegations contained in paragraph 12 of the complaint, and therefore the allegations are denied.

13. Defendants admit that Governor Moore is the head of the executive branch of Maryland State government. The remaining allegations contained in paragraph 13 of the complaint are legal conclusions to which no response is required.

14. Defendants admit that Anthony G. Brown is the Attorney General of the State of Maryland. The remaining allegations contained in paragraph 14 of the complaint are legal conclusions to which no response is required.

15. Defendants admit that Michael A. Jackson is the Secretary of the Maryland Department of State Police. The remaining allegations contained in paragraph 15 of the complaint are legal conclusions to which no response is required.

16. The allegations contained in paragraph 16 of the complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

17. The allegations contained in paragraph 17 of the complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

18. Defendants admit that Governor Moore signed Senate Bill 334 into law on May 26, 2026.

19. Senate Bill 334 speaks for itself. To the extent the allegations in paragraph 19 of the complaint differ from Senate Bill 334, the allegations are denied.

20. Senate Bill 334 speaks for itself. To the extent the allegations in paragraph 20 of the complaint differ from Senate Bill 334, the allegations are denied.

21. Senate Bill 334 speaks for itself. To the extent the allegations in paragraph 21 of the complaint differ from Senate Bill 334, the allegations are denied.

22. Senate Bill 334 speaks for itself. To the extent the allegations in paragraph 22 of the complaint differ from Senate Bill 334, the allegations are denied.

23. Senate Bill 334 speaks for itself. To the extent the allegations in paragraph 23 of the complaint differ from Senate Bill 334, the allegations are denied.

24. Senate Bill 334 speaks for itself. To the extent the allegations in paragraph 24 of the complaint differ from Senate Bill 334, the allegations are denied.

25. The allegations contained in paragraph 25 of the complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

26. The allegations contained in paragraph 26 of the complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

27. The allegations contained in paragraph 27 of the complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

28. Defendants are without knowledge or information to admit or deny the factual allegations contained in the first sentence, and first clause of the second sentence of paragraph 28 of the complaint, and therefore the allegations are denied. The remaining allegations contained in paragraph 28 of the complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

29. The allegations contained in paragraph 29 of the complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

30. Defendants are without knowledge or information to admit or deny the factual allegations contained in paragraph 30 of the complaint, and therefore the allegations are denied.

31. Defendants are without knowledge or information to admit or deny the factual allegations contained in paragraph 31 of the complaint, and therefore the allegations are denied.

32. Defendants are without knowledge or information to admit or deny the factual allegations contained in paragraph 32 of the complaint, and therefore the allegations are denied.

33. The allegations contained in paragraph 33 of the complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

34. The allegations contained in paragraph 34 of the complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

35. The allegations contained in paragraph 35 of the complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

36. The allegations contained in paragraph 36 of the complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

37. The Second and Fourteenth Amendments of the Constitution, and cited Supreme Court precedent, speak for themselves. To the extent the allegations in paragraph 37 differ from the Second and Fourteenth Amendments, and cited Supreme Court precedent, the allegations are denied.

38. The decision of the United States Supreme Court in *New York State Rifle & Pistol Association v. Bruen*, 142 S. Ct. 2111 (2022) ("*Bruen*") speaks for itself. To the

extent the allegations in paragraph 38 of the complaint differ from *Bruen*, the allegations are denied.

39. The allegations contained in paragraph 39 of the complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. The cited precedents in paragraph 39 speak for themselves. To the extent the allegations in paragraph 39 of the complaint differ from the cited precedents, the allegations are denied.

40. The allegations contained in paragraph 40 of the complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

41. The decisions of the United States Supreme Court cited in paragraph 41 speak for themselves. To the extent the allegations in paragraph 41 of the complaint differ from these decisions, the allegations are denied.

42. The allegations contained in paragraph 42 of the complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

43. The allegations contained in paragraph 43 of the complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. The cited precedents in paragraph 43 of the complaint speak for themselves. To the extent the allegations in paragraph 43 of the complaint differ from the cited precedents, the allegations are denied

44. Defendants admit that certain Glock pistols are semiautomatic firearms that are capable of being fully automatic weapons. Defendants deny the second sentence of paragraph 44 of the complaint. The remaining allegations in paragraph 44 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

45. Defendants are without knowledge or information to admit or deny the allegations in the second sentence in paragraph 45 of the complaint, and therefore the allegations are denied. The remaining allegations in paragraph 45 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

46. Defendants are without knowledge or information to admit or deny the allegations in paragraph 46 of the complaint, and therefore the allegations are denied.

47. The ATF publication cited in paragraph 47 of the complaint speaks for itself. To the extent the allegations in the first sentence of paragraph 47 of the complaint differ from this publication, the allegations are denied. Defendants are without knowledge or information to admit or deny the remaining allegations in paragraph 47 of the complaint, and therefore the allegations are denied.

48. Defendants are without knowledge or information to admit or deny the allegations in paragraph 48 of the complaint, and therefore the allegations are denied.

49. Defendants are without knowledge or information to admit or deny the allegations in paragraph 49 of the complaint, and therefore the allegations are denied.

50. Defendants are without knowledge or information to admit or deny the allegations in paragraph 50 of the complaint, and therefore the allegations are denied.

51. The allegations in paragraph 51 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

52. Defendants incorporate by reference their responses to the preceding paragraphs of the complaint.

53. Denied.

54. Denied.

Paragraphs 1-4 of Plaintiffs' Prayer for Relief do not contain factual assertions but rather requests for relief. To the extent a response is required, these paragraphs are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by laches.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the complaint fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs lack standing.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by sovereign immunity.

WHEREFORE, having fully answered plaintiffs' complaint, defendants respectfully request that the Court deny the plaintiffs' relief requested in the complaint, enter judgment in favor of the defendants and against the plaintiffs, award the defendants their costs and attorney fees incurred in defending this action, and grant such further relief as this Court may deem just and appropriate.

Respectfully submitted,

ANTHONY G. BROWN
Attorney General of Maryland

/s/ Joshua R. Chazen
JOSHUA R. CHAZEN
Federal Bar No. 06837

/s/ Michael Drezner
MICHAEL DREZNER
Federal Bar No. 31784

/s/ Sara Faber
SARA FABER
Federal Bar No. 21893

Assistant Attorneys General
Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
jchazen@oag.maryland.gov
mdrezner@oag.maryland.gov
sfaber@oag.maryland.gov
(410) 576-7058
(410) 576-6959
(410) 576-7833
(410) 576-6955 (facsimile)

July 13, 2026

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I CERTIFY THAT on July 13, 2026, I served the foregoing by CM/ECF on all registered CMF users.

/s/ Michael Drezner
MICHAEL DREZNER