**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

CHAMBERS OF
JULIE R. RUBIN
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 20770
(410) 962-4812

July 13, 2026

RE: ***Bathras, et al. v. Moore, et al.***
***1:26-cv-02074-JRR***

**DISCOVERY ORDER**

Fed. R. Civ. P. 26(b)(1), 26(b)(2)(C), and 26(g)(1)(B)(iii) require that discovery in civil cases be proportional to what is at issue in the case, and require the Court, upon motion or on its own, to limit the frequency or extent of discovery otherwise allowed to ensure that discovery is proportional. This Discovery Order is issued in furtherance of this obligation. This Discovery Order will govern discovery in this case, subject to further order of the Court or stipulation of the parties. This Discovery Order shall be read in conjunction with the Scheduling Order in this case, which provides discovery deadlines, and will be implemented in compliance with the Discovery Guidelines for the United States District Court for the District of Maryland. ***With respect to the limitations imposed in the paragraphs on interrogatories, requests for production of documents, and fact depositions, counsel are encouraged to confer and propose to the Court for approval any modifications that are agreeable to all counsel.***

1. ***Disclosure of Damage Claims and Relief Sought.*** By the date set in the Scheduling Order, any party asserting a claim against another party shall serve on that party the information required by Fed. R. Civ. P. 26(a)(1)(A)(iii) regarding calculation of damages. The party also shall include a particularized statement regarding any non-monetary relief sought. Unless otherwise required by the Scheduling Order, the disclosures required by Fed. R. Civ. P. 26(a)(1)(A)(i), (ii), and (iv) need not be made.

2. ***Scope of Discovery – Proportionality.*** Pursuant to Fed. R. Civ. P. 26(b)(1) and 26(g)(1)(B)(ii)–(iii), the discovery in this case shall be proportional to what is at issue in the case. While the monetary recovery a party seeks is relevant to determining proportionality, other factors also must be considered, including whether the litigation involves cases implicating "public policy spheres, such as employment practices, free speech, and other matters [that] may have importance far beyond the monetary amount involved." Fed. R. Civ. P. 26(b) advisory committee's note to 1983 amendment. If a party objects to providing requested discovery on the basis of a proportionality objection, it must state the basis of the objection with particularity.

3. ***Cooperation During Discovery.***

   As encouraged by Fed. R. Civ. P. 1, and Discovery Guideline 1 of the Discovery Guidelines for the United States District Court for the District of Maryland, D. Md. Loc. R. App. A (July

1, 2023), https://www.mdd.uscourts.gov/sites/mdd/files/LocalRules.pdf, the parties and counsel are expected to work cooperatively during all aspects of discovery to ensure that the costs of discovery are proportional to what is at issue in the case, as more fully explained in *Mancia v. Mayflower Textile Services Co.*, 253 F.R.D. 354, 357–58 (D. Md. 2009). Whether a party or counsel has cooperated during discovery also may be relevant in determining whether the Court should impose sanctions in resolving discovery motions, if it determines that a party has acted in a manner that violates the Rules of Civil Procedure, Order of Court, Local Rule, or Discovery Guideline.

4. ***Discovery Motions Prohibited Without Pre-Motion Conference with the Court.***

   a. In accordance with Fed. R. Civ. P. 16(b)(3)(B)(v), no discovery-related motion may be filed unless the moving party attempted in good faith, but without success, to resolve the dispute and has requested a pre-motion conference with the Court to discuss the dispute and to attempt to resolve it informally. If the Court does not grant the request for a conference, or if the conference fails to resolve the dispute, then upon approval of the Court, a motion may be filed.

   b. Unless otherwise permitted by the Court, discovery-related motions and responses thereto will be filed in letter format and may not exceed three, single-spaced pages, in twelve-point font. Replies will not be filed unless requested by the Court following review of the motion and response.

   c. Unresolved discovery disputes are to be raised as required by this paragraph before the end of discovery. Absent a showing of due diligence and exceptional circumstances, discovery disputes will not be heard after the discovery cutoff.

5. ***Interrogatories.*** Objections to interrogatories will be stated with particularity. Boilerplate objections (*e.g.*, objections without a particularized basis, such as "overbroad, irrelevant, burdensome, not reasonably calculated to identify admissible evidence"), as well as incomplete or evasive answers, will be treated as a failure to answer pursuant to Fed. R. Civ. P. 37(a)(4). For that reason, boilerplate objections are prohibited.

6. ***Requests for Production of Documents.***

   a. A response to these requests shall be served within thirty (30) days and any documents shall be produced within thirty (30) days thereafter, absent Court order or stipulation by the parties. Any objections to Rule 34 requests shall be stated with particularity. Boilerplate objections (*see supra*) and evasive or incomplete answers will be deemed to be a refusal to answer pursuant to Rule 37(a)(4). Pursuant to Fed. R. Civ. P. 34(b)(2)(C), "an objection must state whether any responsive materials are being withheld on the basis of that objection."

   b. Requests for production of electronically-stored information (ESI) shall be governed as follows:

      i. Absent an order of the Court upon a showing of good cause or stipulation by the parties, a party from whom ESI has been requested shall not be required to search for responsive ESI:

*a.* from more than ten (10) key custodians;

*b.* that was created more than five (5) years before the filing of the lawsuit;

*c.* from sources that are not reasonably accessible without undue burden or cost; or

*d.* for more than 160 hours, ***inclusive*** of time spent identifying potentially responsive ESI, collecting that ESI, searching that ESI (whether using properly validated keywords, Boolean searches, computer-assisted or other search methodologies), and reviewing that ESI for responsiveness, confidentiality, and for privilege or work product protection. The producing party must be able to demonstrate that the search was effectively designed and efficiently conducted. A party from whom ESI has been requested must maintain detailed time records to demonstrate what was done and the time spent doing it, for review by an adversary and the Court, if requested.

ii. Parties requesting ESI discovery and parties responding to such requests are expected to cooperate in the development of search methodology and criteria to achieve proportionality in ESI discovery, including appropriate use of computer-assisted search methodology, such as Technology Assisted Review, which employs advanced analytical software applications that can screen for relevant, privileged, or protected information in ways that are more accurate than manual review and involve far less expense.

7. ***Duty to Preserve Evidence, Including ESI, that is Relevant to the Issues that Have Been Raised by the Pleadings.***

a. The parties are under a common-law duty to preserve evidence relevant to the issues raised by the pleadings.

b. In resolving any issue regarding whether a party has complied with its duty to preserve ESI, the Court will comply with Fed. R. Civ. P. 37(e).

8. ***Depositions.*** Absent further order of the Court upon a showing of good cause or stipulation by the parties, depositions of fact witnesses other than those deposed pursuant to Fed. R. Civ. P. 30(b)(6) shall not exceed four (4) hours. Rule 30(b)(6) and expert witness depositions shall not exceed seven (7) hours.

9. ***Non-Waiver of Attorney–Client Privilege or Work Product Protection.*** As part of their duty to cooperate during discovery, the parties are expected to discuss whether the costs and burdens of discovery, especially discovery of ESI, may be reduced by entering into a non-waiver agreement pursuant to Fed. R. Evid. 502(e). The parties also should discuss whether to use computer-assisted search methodology to facilitate pre-production review of ESI to identify information that is beyond the scope of discovery because it is attorney–client privileged or work product protected.

In accordance with Fed. R. Evid. 502(d), except when a party intentionally waives attorney–client privilege or work product protection by disclosing such information to an adverse party as provided in Fed. R. Evid. 502(a), the disclosure of attorney–client privileged or work product protected information pursuant to a non-waiver agreement entered into under

Fed. R. Evid. 502(e) does not constitute a waiver in this proceeding, or in any other federal or state proceeding. Further, the provisions of Fed. R. Evid. 502(b)(2) are inapplicable to the production of ESI pursuant to an agreement entered into between the parties under Fed. R. Evid. 502(e). However, a party that produces attorney–client privileged or work product protected information to an adverse party under a Rule 502(e) agreement without intending to waive the privilege or protection must promptly notify the adversary that it did not intend a waiver by its disclosure. Any dispute regarding whether the disclosing party has asserted properly the attorney–client privilege or work product protection will be brought promptly to the Court, if the parties are not themselves able to resolve it.

Date: July 13, 2026

/s/
Julie R. Rubin
United States District Judge