**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| DAVID J. BATHRAS, SR., *et al.*,<br>*Plaintiffs*,<br><br>v.<br><br>WES MOORE, *et al.*,<br>*Defendants*. | *<br>*<br>*<br>*<br>* | No. 1:26-cv-02074-JRR |

* * * * * * * * * * * *

| | | |
|---|---|---|
| FRANCIS M. DUFFY, Ph.D, *et al.,*<br>*Plaintiffs*,<br><br>v.<br><br>WESTLEY MOORE, ET AL.,<br>*Defendants*. | *<br>*<br>*<br>*<br>* | No. 1:26-cv-02647-RDB |

* * * * * * * * * * * *

## CONSENT MOTION TO CONSOLIDATE

The Defendants in the above-captioned matters, by their undersigned counsel and pursuant to Rule 42 of the Federal Rules of Civil Procedure, file this Consent Motion to Consolidate, and state:

1. The complaint in the matter of *Bathras v. Moore*, No. 1:26-cv-2074 was filed on May 26, 2026. Plaintiffs in the *Bathras* matter filed an amended complaint on June 25, 2026. Defendants filed their answer to the amended complaint on July 13, 2026. The parties' initial joint status report is due July 27, 2026. Plaintiffs in the *Bathras* lawsuit filed a motion for preliminary injunction on July 20, 2026.

2. The complaint in the matter of *Duffy v. Moore*, No. 1:26-cv-2647 was filed on July 2, 2026. Plaintiffs in the *Duffy* lawsuit filed a motion for preliminary injunction on July 13, 2026. By a consent order entered on July 17, 2026, the Court established a briefing schedule for that motion. Under that schedule, Defendants' response to the motion for a preliminary injunction is due August 14, 2026, and Plaintiffs' reply brief is due September 15, 2026. Nothing in this motion is intended to alter, or provide a basis for altering, that briefing schedule.

3. By this motion, Defendants seek consolidation of the two lawsuits.

4. Both lawsuits assert a single count challenging Maryland Senate Bill 334 ("SB 334") under the Second Amendment of the Constitution, and seek declaratory and injunctive relief to prevent enforcement of the law.

5. This Court, in its discretion, can consolidate actions when "common question[s] of law or fact" are involved. Fed. R. Civ. P. 42(a)(2).

6. Judicial economy favors consolidation, particularly where "there is substantial overlap" between two related lawsuits. *Coyne & Delaney Co. v. Selman*, 98 F.3d 1457, 1473 (4th Cir. 1996).

7. Relevant considerations for this Court that would "clearly meet this standard" include whether the claims are "brought against the same defendant, rely[] on the same witnesses, alleg[e] the same misconduct, and answer[] with the same defenses." *Harris v. L&L Wings, Inc.*, 132 F.3d 978, 981 n.2 (4th Cir. 1997).

8. Here, both *Duffy* and *Bathras* are brought against Governor Wes Moore and Superintendent Michael A. Jackson. While *Bathras* also names Attorney General Anthony

G. Brown as Defendant, all Defendants in both cases are named in their official capacities, as such both lawsuits are "no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (internal citations omitted).

9. Both lawsuits challenge the constitutionality of SB 334 under the Second Amendment, and accordingly both cases will implicate the same defenses by the Defendants.

10. There is no prejudice to the parties by having the lawsuits consolidated, particularly because consolidation would eliminate the possibility of inconsistent findings related to the constitutionality of SB 334.

11. It would also promote judicial economy to have these constitutional challenges heard and ruled upon together, particularly in light of the impact such a ruling could have on the rights of all Marylanders, and the State's legal authorities.

12. Defendants are authorized to state that, through counsel, the Plaintiffs in the *Bathras* lawsuit do not oppose the relief requested by this motion. Plaintiffs in the *Duffy* lawsuit likewise do not oppose the relief requested by this motion, subject to the briefing schedule noted in paragraph 2, above.

WHEREFORE, for the reasons stated herein, the parties respectfully request that the *Bathras* and *Duffy* lawsuits be consolidated pursuant to Rule 42.

Dated: July 21, 2026

Respectfully submitted,

ANTHONY G. BROWN
Attorney General of Maryland

/s/ Joshua R. Chazen
JOSHUA R. CHAZEN
Federal Bar No. 06837
MICHAEL DREZNER
Federal Bar No. 31784
SARA FABER
Federal Bar No. 21893
Assistant Attorneys General
Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
jchazen@oag.maryland.gov
mdrezner@oag.maryland.gov
sfaber@oag.maryland.gov
(410) 576-7058 / 6959 / 7833
(410) 576-6955 (facsimile)

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 21, 2026, a copy of the foregoing was served on all counsel of record via this Court's electronic filing service.

/s/ Joshua R. Chazen
JOSHUA R. CHAZEN