**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| DAVID J. BATHRAS, SR., *et al.*, | |
| *Plaintiffs*, | |
| v. | Civil No.: 1:26-cv-02074-RDB |
| WESTLEY MOORE, *et al.*, | |
| *Defendants*. | |

**JOINT INITIAL STATUS REPORT**

Plaintiffs David J. Bathras, Sr., Roslyn Mickens, Atlantic Guns, Inc., National Rifle Association of America, Firearms Policy Coalition, Inc., and Second Amendment Foundation ("Plaintiffs") and Defendants, Westley Moore, in his official capacity as Governor of Maryland, Anthony G. Brown, in his official capacity as Attorney General of the State of Maryland, and Michael A. Jackson in his official capacity as Secretary of the Maryland State Police ("Defendants") (collectively, the "Parties"), through their respective undersigned counsel, hereby submit this Joint Initial Status Report to address the matters set forth in this Court's Scheduling Order dated July 13, 2026 [ECF 19]. In response to the items stated in the Court's Scheduling Order, the Parties state as follows:

1.    Requests for Modifications to Scheduling Order.

a.    On July 13, 2026, the Court entered its Discovery Order and Scheduling Order. On July 20, 2026, Plaintiffs filed a Motion for Preliminary Injunction. On July 21, 2026, Defendants filed a Consent Motion to Consolidate Cases, to consolidate this case with *Duffy v. Moore*, Case No. 1:26-cv-02647-RDB, which this Court granted on July 23. In *Duffy*,

1

defendants' time to file their answer was stayed until two weeks after the Court rules on the motion for preliminary injunction.  Accordingly, the Parties respectfully request a stay of discovery in this case until after the Court rules on Plaintiffs' Motion for Preliminary Injunction.

b.      In the event the Court does not agree to stay discovery until after it resolves Plaintiffs' Motion for Preliminary Injunction, the Parties, pursuant to Local Rule 105.2(c), request one modification to the Scheduling Order related to the dispositive pretrial motions deadline.  Due to the year-end holiday period, when counsel, clients, and other participants may have limited availability, the Parties request the current dispositive pretrial motions deadline be modified as follows:

Old Deadline:

Dispositive Pretrial Motions Deadline:                    December 28, 2026

New Deadlines:

Deadline for Plaintiffs' Motion for Summary Judgment:    January 19, 2027

Deadline for Defendants' Opposition/Cross-Motion:        February 16, 2027

Deadline for Plaintiffs' Reply/Opposition:               March 9, 2027

Deadline for Defendants' Reply:                          March 30, 2027

2.      <u>Modification to Deposition Hours Limitation.</u>  The Parties request that the deposition limitation for fact witnesses, including parties, be increased to forty (40) hours per side. Due to the number of Plaintiffs, and the allowable limits of depositions – four hours for individuals and seven hours for 30(b)(6) witnesses – this upper limit will ensure that the Parties can complete all depositions without the need to ask the Court for further relief.

3.      <u>Report on Consent to Proceed Before a United States Magistrate Judge</u>. The Parties do not consent to having this case heard by a Magistrate Judge.

4.      <u>Report on Mediation with a United States Magistrate Judge</u>. Because of the claims asserted and the nature of relief requested by Plaintiffs, the Parties do not wish to participate in a mediation session with a Magistrate Judge.

5.      <u>Report on the Scope of Discovery</u>.

a.      While Plaintiffs may submit Requests for Admission to Defendants to clarify the scope of the challenged provisions, Plaintiffs do not anticipate taking extensive fact discovery at this time. They reserve all rights to take any appropriate discovery during the course of the litigation. Plaintiffs also reserve the right to depose any experts Defendants put forward. Plaintiffs note that consistent with the Supreme Court's Second Amendment jurisprudence, this case involves legal issues that should be resolved through briefing and argument, not expert testimony. Plaintiffs therefore reserve the right to challenge any experts put forward by Defendants.

b.      Defendants may submit interrogatories, requests for production, and requests for admission to Plaintiffs, all of which will focus on the allegations asserted in the Amended Complaint.  Defendants do not intend to engage in broad discovery, but Defendants need more information to ensure that Plaintiffs have adequately alleged standing and can factually support the allegations in the Amended Complaint.  Defendants reserve the right to depose and challenge any experts put forward by Plaintiffs.

This Joint Status Report is respectfully submitted and agreed to by:

Dated: July 27, 2026

ANTHONY G. BROWN
Attorney General of Maryland

/s/ *Nicole J. Moss*
Nicole J. Moss, Bar No. 20222
   *Attorney of Record*
David H. Thompson*
Peter A. Patterson*
William V. Bergstrom*
Cooper & Kirk, PLLC
1523 New Hampshire Avenue, N.W.
Washington, DC 20036
(202) 220-9600
(202) 220-9601
nmoss@cooperkirk.com

*Admitted pro hac vice

*Attorneys for Plaintiffs*

/s/ Joshua R. Chazen
JOSHUA R. CHAZEN
Federal Bar No. 06837
MICHAEL DREZNER
Federal Bar No. 31784
SARA FABER
Federal Bar No. 21893
Assistant Attorneys General
Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland  21202
jchazen@oag.maryland.gov
mdrezner@oag.maryland.gov
sfaber@oag.maryland.gov
(410) 576-7058 / 6959 / 7833
(410) 576-6955 (facsimile)

Attorneys for Defendants